UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 1:05CV127 TLS |
| SHIRLEY K. TURNER n/k/a SHIRLEY K. HOLMES a/k/a SHIRLEY KAY HOLMES a/k/a SHIRLEY TURNER a/k/a SHIRLEY HOLMES; NBD BANK n/k/a BANK ONE, NA; MARION SCHOOL EMPLOYEES FCU; ELDER BEERMAN STORES CORPORATION | ) ) ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion for Summary Judgment [DE 16], filed on June 24, 2005. The Plaintiff's Motion seeks summary judgment against Defendant Shirley K. Turner n/k/a Shirley K. Holmes a/k/a Shirley Kay Homes a/k/a Shirley Turner a/k/a Shirley Holmes ("Defendant Shirley").

The Plaintiff, The United States of America, through its counsel Joseph S. Van Bokkelen, United States Attorney for the Northern District of Indiana, has shown to the satisfaction of this Court that Defendant Shirley has been duly served, as more fully appears from the return of summons filed herein.

Local Rule 56.1 sets forth the non-moving party's responsibility under a motion for summary judgment:

> In determining the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the "Statement of Genuine Issues" filed in opposition to the motion, as supported by the depositions, discovery responses, affidavits and other admissible evidence on

file.

N.D. Ind. L.R. 56.1(b). Thus, to the extent a non-moving party fails to object to the moving party's statement of material facts, this Court will construe the non-moving party's silence as admissions and take the uncontested facts from the movant's brief as admitted to exist without controversy. *See Bradley v. Work*, 154 F.3d 704, 707–08 (7th Cir. 1998) (citing *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 921–22 (7th Cir.1994) (collecting cases where we have "repeatedly upheld the strict enforcement" of Local Rule 56.1); *Kunik v. Racine County*, 106 F.3d 168, 174 (7th Cir.1997); *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir.1995)).

The Plaintiff having filed its Motion for Summary Judgment, the Court now finds as follows:

1. That Defendant Shirley has not filed a response to the Plaintiff's Motion. Accordingly, the Court finds that the Plaintiff has established that each and every material allegation of its Complaint is true in substance and in fact and that the Plaintiff is entitled to the relief therein prayed for; accordingly, the Court GRANTS the Plaintiff's Motion for Summary Judgment against Defendant Shirley [DE 16].

2. That the Plaintiff, The United States of America, have and recover from Defendant Shirley from a judgment in the amount of $51,084.40 as of May 26, 2005 (which consists of $11,799.06 credit subject to recapture, $34,336.35 outstanding principal, and accrued interest of $4,948.99, with interest on the aggregate of the latter amounts at the daily rate of $9.1709 daily interest rate until judgment). This judgment amount, together with the costs incident to this suit and judicial sale of the real estate, shall accrue interest from the date of judgment

at the legal rate of 3.59% computed daily and compounded annually until fully satisfied. The judgment granted the United States is *in rem*.

3. That the repayment of the entire judgment amount, described in the paragraph 2 above, is secured by the mortgage sought to be foreclosed in this suit.

4. That the United States is entitled to foreclose its mortgage on the real property described in paragraph 5 below, which was pledged by Defendant Shirley as security for the indebtedness to the United States.

5. That the equity of redemption, and any and all interest of Defendant Shirley, and all persons claiming by, through or under them in and to the following real estate located in Grant County, State of Indiana, to-wit:

> Lot Number Eight (8) in Northview Addition, Section Two (2), an addition to Gas City, as per plat thereof recorded in Plat Description Record 74, page 6, as in the office of the Recorder of Grant County, Indiana, subject to all easements, building lines and restrictions of record.
>
> Commonly known as:   721 Beech Drive
>                      Gas City, IN 46933

be and the same is hereby forever barred and foreclosed.

6. That the aforementioned real estate and all right, title and interest and claim of the Defendants and of all persons claiming by, through or under them in and to the same, be sold by the United States Marshal for the Northern District of Indiana, in accordance with the

laws governing foreclosure of real estate mortgages, without relief from valuation and appraisement laws; that at any such sale, the Marshal, upon request of the Plaintiff, is authorized to offer the aforementioned real estate for sale in parcels as well as a whole; and that the Marshal, after the Court's confirmation of sale, shall issue a Marshal's Deed to the purchaser or purchasers thereof; provided, however, that the interest acquired by the purchaser at said sale shall be subject to any lien of Grant County, Indiana, for real property taxes in regard to said real estate, and further subject to any lien of a municipality for sewer fees assessed against the real estate, which lien is duly and properly recorded in the Recorder's Office in the county in which the real estate is located prior to delivery of the deed to the purchaser.

7. That the United States of America may become a purchaser at such sale of any part of or all of the mortgaged property and may make payment therefor with such part of its judgment which was secured by the subject real estate.

8. That the proceeds from the sale of the real estate described above shall be applied as follows:
    (a) First, to the payment of all costs and accruing costs herein;
    (b) Next, to the payment of the judgment in favor of the Plaintiff as specified in paragraph 2 above;
    (c) Next, the overplus, if any, remaining after the payment of the foregoing, shall be paid to the Clerk of the Court to be disposed of as the Court shall thereafter direct.

9. That the purchaser or purchasers at said sale shall be entitled to receive the deed to said real estate from the United States Marshal upon confirmation of said sale by the Court; and the

said deed or conveyance shall forever bar and foreclose all of the right, title and interest of each and all of the Defendants, and of all persons claiming by, under or through them in and to said real estate.

10. In addition to issuing a deed or conveyance to the purchaser(s), the United States Marshal, following Court confirmation of the sale, shall (if required by state law) provide the purchaser(s) with an appropriately completed disclosure form. For the purpose of completing said disclosure form, the United States Marshal shall be deemed the "Seller" of the foreclosed property.

SO ORDERED on July 21, 2005.

   S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT